THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WINSLOW, Appellant. [655 NYS2d 1018] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 25, 1994, convicting him of murder in the second degree and attempted robbery in the second degree, upon a jury verdict, and imposing consecutive indeterminate sentences of 25 years to life imprisonment and 2 to 6 years imprisonment, respectively. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The hearing record fails to support the defendant's assertion that the attorney who was representing him on a pending unrelated matter also represented him in connection with the charges in this case at the time that the investigatory lineup was conducted (see, *People v Hernandez,* 70 NY2d 833). In any event, even if the defendant had been so represented, there is

ample evidence in the record demonstrating that the police afforded the attorney notice of the lineup and an adequate opportunity to attend the procedure. Accordingly, the holding of the lineup in counsel's absence was not improper *(see generally, People v LaClere,* 76 NY2d 670; *People v Coates,* 74 NY2d 244; *People v McRae,* 195 AD2d 180).

Similarly unavailing is the defendant's challenge to the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). The record demonstrates that the court engaged in an appropriate balancing of the relevant factors in rendering its ruling. A defendant is not shielded from cross-examination merely because he specializes in one particular form of criminal conduct *(see, People v Walker,* 83 NY2d 455; *People v Pavao,* 59 NY2d 282; *People v Lashley,* 222 AD2d 609).

The defendant has failed to preserve for appellate review the specific challenge to the legal sufficiency of the evidence which he currently raises *(see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility and the weight to be accorded the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the defendant correctly contends, and the People concede, that the court should have imposed concurrent sentences for the convictions of felony murder and the underlying attempted robbery *(see, People v Smalls,* 185 AD2d 863), and we have modified the sentences accordingly.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review, without merit, or do not warrant reversal. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.