■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WINSLOW, Appellant. [689 NYS2d 403] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 31, 1997 (*People v Winslow*, 237 AD2d 638), affirming a judgment of the Supreme Court, Queens County, rendered May 25, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.

THIRD DEPARTMENT, MAY, 1999

(May 6, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS KENDRICK, Also Known as ALLEN EMERSON, Appellant. [690 NYS2d 295] —Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered April 15, 1997, convicting defendant upon his plea of guilty of four counts of the crime of attempted assault in the first degree.

We reject defendant's contention that imposing consecutive prison terms of 1½ to 3 years in connection with his plea of guilty of four counts of attempted assault in the first degree was improper because the charges resulted from a single criminal act. The 15-count indictment stemmed from a high-speed chase during which defendant rammed a truck into four police vehicles. Inasmuch as the indictment and the plea allocution establish that each instance of ramming a police vehicle was a separate and distinct act and neither was a material element of the other (*see*, Penal Law § 70.25 (2); *see also, People v Bryant,* 92 NY2d 216, 230-231), we find no abuse of discretion in County Court imposing consecutive sentences. Finally, we find that the agreed-upon sentence was neither harsh nor excessive and find no extraordinary circumstances warranting a reduction of the sentence imposed in the interest of justice.

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.