04-1315-pr
Graham v. Portuondo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2005

(Submitted: August 23, 2005                    Decided: October 3, 2007)

Docket No.  04-1315-pr

_____

DARYL GRAHAM,

*Petitioner-Appellant,*

— v. —

LEONARD PORTUONDO, SUPERINTENDENT,
SHAWANGUNK CORRECTIONAL FACILITY,

*Respondent-Appellee.*

_____

BEFORE:

JACOBS, *Chief Judge*, KATZMANN and HALL, *Circuit Judges*:

_____

Motion for a certificate of appealability to appeal a judgment of the United States District Court

for the Eastern District of New York (Jack B. Weinstein, *Judge*), denying Graham's petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.

MOTION GRANTED.  JUDGMENT VACATED AND REMANDED.

ANDREA G. HIRSCH, New York, N.Y., *for
Petitioner-Appellant Daryl Graham.*

KAROL BAIRD MANGUM, Brooklyn, N.Y., *for Respondent-Appellee Leonard Portuondo*.

PER CURIAM:

Daryl Graham seeks permission to appeal from the district court's judgment denying his 28 U.S.C. § 2254 petition after an evidentiary hearing. Graham, who was *pro se* below, argues that the court's failure to appoint him counsel at the hearing violated Rule 8(c) of the Federal Rules Governing § 2254 petitions, which requires that counsel be appointed to indigent petitioners at such hearings. We agree and further find that the district court's failure to appoint counsel to Graham was clear error. We therefore grant Graham's motion for a certificate of appealability, vacate the judgment below, and remand for a new evidentiary hearing in compliance with Rule 8(c).

In 1996, Graham was convicted in the New York Supreme Court, Kings County, of the second-degree murder of Roxanne Thomas, his ex-girlfriend. He was sentenced to a term of incarceration of twenty-five years to life. In August 2001, Graham filed a *pro se* 28 U.S.C. § 2254 petition challenging his conviction in the United States District Court for the Northern District of New York, which was subsequently transferred to the Eastern District of New York. Graham asserted that he had received ineffective assistance of trial counsel in that counsel had failed to investigate his history of mental illness or to have a psychiatrist evaluate him to assist in preparing a defense. He also challenged the trial court's rulings with respect to his competency hearing before trial and psychiatric evaluation prior to sentencing.

The district court granted Graham *in forma pauperis* status in October 2001, and it later ordered a hearing so that Graham's trial counsel could have "an opportunity to be heard and to

2

present evidence, in the form of live testimony, affidavits, or briefs." Order filed 10/20/03 at 2. At the October 2003 hearing, the district court asked Graham whether he was represented by counsel, and Graham stated that he was not. The district court then asked Graham whether he wanted time to get an attorney. Graham replied, "I cannot afford an attorney." The court then stated, "I will not appoint one at this time. Tell me why you think the habeas petition should be granted."

After Graham presented his arguments to the court and the State offered into evidence copies of Graham's competency and pre-sentence evaluations, Graham's trial attorney testified extensively. He asserted that Graham had been examined by defense psychiatric experts but that they had concluded that Graham was competent to stand trial. He also asserted that he personally believed Graham to be competent based on their discussions prior to trial. Counsel admitted, however, that he had not obtained Graham's complete medical records prior to trial but had relied on the psychiatric assessments of the government-appointed psychiatrists.

Following the hearing, the district court denied Graham's § 2254 petition, noting that "[a]n evidentiary hearing was conducted on this matter, and no further hearing is necessary." Memorandum, Judgment & Order at 1. Relying on the hearing testimony of Graham's trial counsel, the court concluded that counsel had been effective. The court also found no error in the state trial court's handling of the psychiatric evaluations.

Graham filed a timely *pro se* appeal of the district court judgment. He now moves for a certificate of appealability. We asserted jurisdiction pursuant to 28 U.S.C. § 2253(a) and appointed counsel to brief the issue of whether the district court was required to assign Graham counsel at the hearing. Having heard from counsel for both sides, we grant the motion for a

3

certificate of appealability, vacate the judgment, and remand for appointment of counsel and a new hearing.

Pursuant to Rule 8(c) of the Federal Rules Governing § 2254 Cases, " [i]f an evidentiary hearing is required [in a § 2254 case], the judge shall appoint counsel for a[n indigent] petitioner."[1]  As the Advisory Committee's Notes explain, "the furnishing of counsel is made mandatory" at such evidentiary hearings because "[c]ounsel can perform a valuable function benefitting both the court and the petitioner. . . . At a hearing, the petitioner's claims are more likely to be effectively and properly presented by counsel."  Fed. R. Governing § 2254 Cases 8 advisory committee's notes.  Although we have previously noted in dicta the mandatory nature of Rule 8(c), *see, e.g., Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), we have, until now, left undecided the proper disposition on appeal when the district court has not complied with the rule.  We now hold that a district court's failure to follow Rule 8(c) of the Federal Rules Governing § 2254 Cases and the Federal Rules Governing § 2255 Cases is clear error.

All of the circuits to consider the issue have held that Rule 8(c) mandates the appointment of counsel at required evidentiary hearings and that the district court's failure to follow the rule is

---

[1]Rule 8(c) was amended in 2004 to read: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a[n indigent] petitioner . . . ."  The Advisory Committee noted that the amendment was part of a "general restyling of the rules" and that "[t]hese changes are intended to be stylistic and no substantive change is intended."  Fed. R. Governing § 2254 Cases 8 advisory committee's notes.  Because Graham's evidentiary hearing took place in 2003, we apply the pre-amendment language of Rule 8 in this case.  We see no reason at this juncture, however, why we would not take a similar approach under the new language in a properly presented case.

4

not subject to harmless error review and requires vacatur or reversal.[2]  *See Green v. United States*, 262 F.3d 715 (8th Cir. 2001); *Shepherd v. United States*, 253 F.3d 585 (11th Cir. 2001); *United States v. Iasiello*, 166 F.3d 212 (3d Cir. 1999); *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995); *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332 (10th Cir. 1994); *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989).  These circuits have applied a bright-line rule under the theory that *pro se* petitioners cannot adequately prove harm without the aid of counsel.  *See, e.g., Vasquez, 7 F.3d at 85* ("[I]t is difficult to accurately assess whether it was harmless error to deny counsel on the basis of a record developed at an evidentiary hearing conducted in the absence of that counsel.  One can only speculate what the record might have been had counsel been provided.").

Counsel was not assigned for Graham at the October 2003 hearing, even though it was clear from his *in forma pauperis* status and initial testimony that he was indigent.  Much like the respondents in many of the cases cited above, the respondent here argues that the hearing below was not an "evidentiary hearing" within the meaning of Rule 8(c).  Respondent contends it was a species of oral argument, and, thus, the district court was not bound to follow Rule 8(c)'s requirement.  This argument is flawed.  The District Court referred to the hearing as an evidentiary hearing twice in its decision denying the § 2254 petition, relied heavily on trial counsel's testimony in its determination that counsel was effective, and specified in its October 2003 order that the purpose of the hearing was to offer trial counsel the opportunity to present

---

[2]Many of the circuits have addressed this issue in the context of appeals from denials of 28 U.S.C. § 2255 petitions.  Although the present case challenges a state conviction, the appointment of counsel requirement of the Rules Governing § 2254 Cases is identical to that of the Rules Governing § 2255 Proceedings.  *See United States v. Iasiello*, 166 F.3d 212, 213 n.3 (3d Cir. 1999).

evidence on his behalf. There is no question that the hearing was evidentiary. *See Vasquez*, 7 F.3d at 84 (rejecting, based on the record of the district court hearing, the argument that the hearing was meant to allow the petitioner to develop his claim under oath rather than for evidentiary purposes); *Rauter*, 871 F.2d at 696 (same); *see also Shepherd*, 253 F.3d at 587 (finding the hearing to be an evidentiary hearing despite the district court's "unwillingness to categorize it as such").

The respondent cautions us against adopting a bright-line rule with respect to the Rule 8(c) appointment of counsel requirement, asserting that it could lead to a waste of public funds or the curtailment of evidentiary hearings in the district courts. We reject this argument. The appointment of counsel in these cases is meant to benefit "both the court and the petitioner," and to make the hearings more effective. Fed. R. Governing § 2254 Cases 8 advisory committee's notes. As Rule 8 makes clear, the representation of indigent petitioners by counsel when district courts determine that their cases require evidentiary development is an important goal, irrespective of the cost. Indeed, the voluminous, relevant evidence obtained by the attorney assigned to Graham by this Court underscores the need for the assignment of counsel to petitioners who lack the skills or resources to present their cases properly at such hearings.

Finally, the fact that Graham did not specifically request counsel at the hearing does not preclude this Court from following the examples of our sister circuits and vacating the judgment below. *See Vasquez*, 7 F.3d at 85 ("[I]t would be unfair to place this burden [of requesting counsel] on an indigent, unrepresented petitioner particularly where . . . there is no record of the petitioner being made aware of that right.").

The motion for a certificate of appealability is GRANTED, the judgment of the district court denying Graham's § 2254 petition is VACATED, and the case is REMANDED to the district court to appoint counsel and hold a new evidentiary hearing. Graham's motion to supplement the record before this Court is GRANTED.