Donald **WINSLOW**, Petitioner,

v.

Leonard **PORTUONDO**, Respondent.

No. 99–CV–4662.

United States District Court,
E.D. New York.

Jan. 29, 2009.

Donald Winslow, Wallkill, NY, for Petitioner.

Emil Bricker, District Attorney of Queens County, Kew Gardens, NY, for Respondent.

## MEMORANDUM & ORDER

JACK B. WEINSTEIN, Senior District Judge:

### I. Facts

Petitioner Donald Winslow moves pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate this court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Petitioner was convicted by a jury of murder in the second degree and attempted robbery in the second degree. The state trial court imposed consecutive sentences of twenty-five years to life and two to six years. On direct appeal, the Appellate Division, Second Department, affirmed that conviction but modified the judgment by providing that that the terms of imprisonment run concurrently. *People v. Winslow*, 237 A.D.2d 638, 655 N.Y.S.2d 1018 (N.Y.App. Div.2d Dep't 1997).

On August 9, 1999, petitioner filed a *pro se* petition for a writ of habeas corpus in which he advanced the following claims:

1) That a lineup held in the absence of petitioner's legal counsel violated his Sixth and Fourteenth Amendment rights;

2) That he was denied effective assistance of counsel at both the trial and appellate levels;

3) That the prosecution withheld *Brady* material [from trial counsel];

4) That he was denied a fair trial by the prosecution's use of false evidence;

5) That the trial court's *Sandoval* ruling violated his Fifth and First Amendment rights;

6) That the trial court failed to instruct the jury on his defense; and

7) That the evidence was insufficient to support the verdict.

Mem., J., & Order at 5, Aug. 11, 2003, Docket Entry ("D.E.") No. 16; Pet. for Writ of Habeas Corpus, Aug. 9, 1999, D.E. No. 1.

Petitioner requested in a letter to the court that counsel be appointed to represent him for his habeas petition. *See* Petr.'s Letter, June 10, 2003, D.E. No. 13. He cited Rule 8(c) of the Federal Rules Governing § 2254 Cases, which states that *"[i]f an evidentiary hearing is warranted* [in a § 2254 case], the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A" (emphasis added).

The court's order scheduling a hearing on the habeas petition provided the following:

> Petitioner will be present by telephone. Petitioner may appear by counsel, but the court will not appoint counsel absent a showing of merit. At the hearing, petitioner will have leave to renew a motion for appointment of counsel. A review of papers may make the hearing unnecessary.

Order, May 27, 2003, D.E. No. 12.

The habeas hearing was a confusing and muddled proceeding. Petitioner spent several minutes making arguments for a different pending habeas petition. *See* Habeas Hr'g Tr. at 2–18, Aug. 11, 2003. When this misunderstanding became apparent, the court allowed respondent both to describe and rebut the claims in the instant habeas petition. Petitioner was wholly unprepared to argue the correct case and had difficulty responding to the government's contentions and the court's questioning. He explained to the court: "I have totally been caught off guard by my confusion of the cases." *Id.* at 30.

The habeas petition was denied by written order. *See* Mem., J., & Order. A certificate of appealability was denied. *Id.* at 19. Petitioner filed a formal Request for a Certificate of Appealability with the Court of Appeals for the Second Circuit, arguing that the "district court conducted a [habeas] hearing without affording petitioner an attorney" and that "due to confusion [at the hearing], petitioner was unprepared to handle the hearing." *See* Notice of Appeal, Sept. 22, 2003, D.E. No. 19. He argued to the Court of Appeals that he should have been "granted an attorney for the purpose of providing legal guidance and representing petitioner on this matter." *Id.* The Request for a Certificate of Appealability was denied. *See* Mandate of United States Court of Appeals, Sept. 21, 2004, D.E. No. 21.

Petitioner filed the present Rule 60(b)(6) motion on April 22, 2008, arguing that the judgment on his habeas petition should be set aside in light of *Graham v. Portuondo*, 506 F.3d 105 (2d Cir.2007), which clarifies the requirement for appointment of counsel for any habeas evidentiary hearing. *See* Petr.'s Rule 60(b)(6) Mot. at 6, D.E. No. 24, Apr. 22, 2008. Counsel was appointed for petitioner on the Rule 60(b)(6) motion. The motion was heard on January 16, 2009. Petitioner participated in the hearing by telephone.

For the reasons stated below, the Rule 60(b)(6) motion is granted. The court's judgment on the habeas petition is vacated and petitioner shall be afforded an evidentiary hearing. Petitioner has waived his physical presence at the hearing and shall participate by telephone.

## II. Timeliness and Due Diligence as Procedural Requirements

### A. *Law*

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the [district] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on

an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

A motion filed pursuant to Rule 60(b) for one of the first three enumerated reasons must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). For all other reasons, including the catch-all of subsection six, a Rule 60(b) motion must be filed "within a reasonable time." *Id.*

■ The Court of Appeals for the Second Circuit has found Rule 60(b)(6) to "confer[ ] broad discretion on the trial court to grant relief when appropriate to accomplish justice [and to] constitute[ ] a grand reservoir of equitable power to do justice in a particular case." *Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004) (quoting *Matarese v. Le Fevre,* 801 F.2d 98, 106 (2d Cir.1986) (citations and quotation marks omitted)). The court must seek "a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); *Rodriguez v. Keane,* No. 00–1866, 2003 WL 21673624, at *1 (S.D.N.Y. July 16, 2003). Granting a Rule 60(b)(6) motion requires a showing of "extraordinary circumstances" to "justify[ ] the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (citations and quotation marks omitted); *see also Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990) (finding that relief under Rule 60(b)(6) may be granted "only upon a showing of exceptional circumstances"). In *Gonzalez,* the Supreme Court applied a fact-specific inquiry to determine whether a petitioner's Rule 60(b)(6) motion constituted a case of "extraordinary circum-

stances." 545 U.S. at 536–38, 125 S.Ct. 2641. It found that a recent change in the Supreme Court's interpretation of the Antiterrorism and Effective Death Penalty Act of 1996, which removed a procedural bar for petitioner and those similarly-situated to seek post-conviction relief, does not itself amount to such circumstances. *Id.* at 536, 125 S.Ct. 2641. The fact that the petitioner had neither "raised th[e] issue in his application for a [certificate of appealability]" nor made additional appeals further informed the Court's finding of an absence of "extraordinary circumstances" warranting consideration of the Rule 60(b)(6) motion on the merits. *Id.* at 537, 125 S.Ct. 2641.

■ The guiding principle for determining a Rule 60(b)(6) motion's timeliness remains the district court's authority "to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* at 542, 125 S.Ct. 2641 (Stevens, J. dissenting) (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)); *see also Pichardo,* 374 F.3d at 55 (emphasizing Rule 60(b)(6)'s purpose as a "grand reservoir of equitable power to do justice in a particular case").

### B. *Application of Law to Facts*

■ Approximately four years have elapsed between the final judgment of the Court of Appeals for the Second Circuit on the habeas petition and the filing of the instant motion. Petitioner therefore relies on subsection six as the basis for his Rule 60(b) motion.

Respondent argues that: (1) Petitioner's motion is untimely and fails to demonstrate the extraordinary and exceptional circumstances required to obtain relief through a Rule 60(b)(6) motion so long after the issuance of the final judgment on

the habeas petition; and (2) Petitioner failed to exercise "due diligence" by failing to adequately pursue an appeal of the court's decision not to appoint counsel for the habeas hearing and that this fact should prevent relief on a Rule 60(b)(6) motion. Mem. in Opp'n to Petr.'s Supplemental Br., Sept. 24, 2008, D.E. No. 33.

Petitioner's reason for delay in filing the instant motion is obvious: he now moves for relief in light of the 2007 ruling by the Court of Appeals for the Second Circuit in *Graham v. Portuondo*, 506 F.3d 105, which explicitly mandates the appointment of counsel for all evidentiary hearings on habeas petitions.

Petitioner diligently pursued his claim. When the petitioner appealed from this court's denial of his habeas petition in 2003, the Court of Appeals for the Second Circuit had not yet established that courts in this jurisdiction are required to appoint counsel for all evidentiary hearings on habeas petitions and the consequence of a failure to do so, which it did in 2007. *See Graham*, 506 F.3d at 107 ("although we have previously noted in dicta the mandatory nature of Rule 8(c), we have, until now, left undecided the proper disposition on appeal when the district court has not complied with the rule") (internal citation omitted). Nevertheless, petitioner argued to the court that counsel should be appointed for him pursuant to Rule 8(c), and he was diligent in making the argument to the Court of Appeals for the Second Circuit. On appeal, he requested relief in the form of remand to the district court and the appointment of counsel to assist him at a rehearing on his habeas petition. Notice of Appeal, Sept. 22, 2003.

If petitioner does have a claim meriting relief in light of the *Graham* decision, Rule 60(b)(6) allows such relief to be granted even at this late date. Respondent's "due diligence" argument does not give ade-quate weight to the disadvantages and challenges that an incarcerated *pro se* petitioner faces in pursuing judicial relief. Based on the equities and the difficulty of prisoners in prosecuting these cases, the untimeliness of the instant motion is not a ground for denying relief. The merits of petitioner's motion should be considered.

## III. Appointment of Counsel

### A. *Law*

Under Rule 8(c) of the Federal Rules Governing § 2254 Cases,

> *If an evidentiary hearing is warranted* [in a § 2254 case], the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

Fed. R. Governing § 2254 Cases 8(c) (emphasis added).

■ The Court of Appeals for the Second Circuit has held that a district court commits reversible error when it fails to appoint counsel in a case in which there is an evidentiary hearing. *See Graham*, 506 F.3d at 108. Not every hearing is evidentiary. Rule 8(c) and the *Graham* decision do not extend to non-evidentiary hearings. While the rule does "not limit the appointment of counsel under § 3006A at any stage of the proceeding," Fed. R. Governing § 2254 Cases 8(c), it does not require appointment of counsel in habeas cases where no evidentiary inquiry is warranted. *See Harrison v. Senkowski*, 247 F.R.D. 402, 416 (E.D.N.Y.2008) ("The Supreme Court has rejected the proposition that the federal Constitution requires a right to counsel in postconviction collateral at-

tacks." (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987))); *Bailey v. Ercole,* No. 06–2129, 2007 WL 4565034 (E.D.N.Y. Dec. 21, 2007) (interpreting *Graham* to mandate appointment of counsel only for evidentiary hearings). A trial court must determine whether an evidentiary hearing is required in the adjudication of the habeas petition. If such a hearing is warranted, counsel must be appointed. *See* Fed. R. Governing § 2254 Cases 8(c).

■ In the interests of affording habeas petitioners due process, a trial court should consider the complexity of the habeas claims and proceedings. Rule 8(c) is rooted in the recognition that evidentiary hearings in particular require the assistance of counsel. Habeas petitioners are at a distinct disadvantage in pursuing a legal challenge given their circumstances:

> Appointment of counsel is necessary for the habeas petitioner—whether in a section 2254 or 2255 case—who almost invariably lacks the skills or resources to present claims of a constitutional violation effectively. The federal habeas judge must also have the advice of counsel for petitioner and respondent to order to work through the complex pitfalls of the Antiterrorism and Effective Death Penalty Act and state practice.

*Harrison,* 247 F.R.D. at 417; *cf.* Fed. R. Governing § 2254 Cases 8 advisory committee's note (emphasizing "the compelling need for accurate and credible information in making decisions concerning the defendant's liberty").

The undersigned, as a general policy, allows all habeas petitioners to present their legal arguments orally at a hearing in the interest of giving them an opportunity to be heard and an assurance that a judge rather than a functionary has considered their arguments. To avoid expensive and unnecessary trips to the court from the place of incarceration, petitioners are heard by telephone.

Since the Court of Appeals for the Second Circuit issued its *Graham* decision, the court appoints counsel for all but the most frivolous collateral attacks, without preliminary consideration of merit or the need for an evidentiary hearing. *See Clark v. Kuhlman,* Case No. 98–6086, 2009 WL 87507, at *7–8 (E.D.N.Y. Jan. 12, 2009). These hearings seldom require any evidence. A substantial number of habeas petitions do not require evidence outside the available paper file and may be decided on the written submissions alone.

■ Trial courts may exercise discretion to deny an evidentiary hearing unless the factual issues cannot be fairly decided without receiving new evidence in a formal proceeding. The Court of Appeals for the Second Circuit has recognized the discretion afforded a trial court in determining whether an evidentiary hearing is required and whether an inquiry should be characterized as an "evidentiary hearing." *See United States v. Odeh,* 552 F.3d 157, 166 (2d Cir.2008). In *Odeh,* a criminal case involving defendants charged with terrorist acts and classified government surveillance operations, the trial court denied defendant's request for a full evidentiary hearing on a suppression motion. The Court of Appeals affirmed based on its recognition that "limited" factual inquiries may be deemed by the trial court as not warranting a full evidentiary hearing:

> [T]he suppression motion at issue here involved a "limited" factual inquiry into the purpose and scope of the contested surveillance based on evidence relating to national security. As referenced above, the District Court observed that *"the issues raised … were predominantly legal questions and the fact-based inquiry into whether the surveil-*

*lance was conducted for foreign intelligence purposes or law enforcement purposes was limited"*.... Our own review of the record persuades us of the correctness of the conclusions of the District Court with respect to the limited nature of the inquiry into the purpose of the surveillance and the need, at the time, to keep the government's submissions confidential.

In reaching this conclusion, we do not minimize [defendant's] valid interest in examining the government's evidence and challenging the government's assertions. Nor do we doubt the utility of the adversary process to determine facts or ventilate legal arguments in the normal course. Nevertheless, the imperatives of national security and the capacity of "in camera procedures [to] adequately safeguard [defendant's] Fourth Amendment rights" weighed against holding an evidentiary hearing under these circumstances.... [W]e conclude that the District Court's decision to resolve [defendant's] suppression motion without a hearing does not constitute error, much less an abuse of discretion.

*Id.* (internal citations and alterations omitted) (emphasis added).

■ In proceedings involving predominantly legal questions and a limited factual inquiry, the trial court has discretion to decide whether to afford an evidentiary hearing based on such criteria as the need for an evidentiary inquest, the prospective burdens on the parties, the importance of the issue, whether credibility of necessary witnesses must be assessed, and other relevant circumstances.

### B. *Application of Law to Facts*

■ On a review of petitioner's 2003 habeas proceeding, two facts become clear. First, petitioner was disoriented throughout the habeas hearing of August 11, 2003, and lacked the ability to communicate his arguments to the court. There was considerable confusion among the hearing's participants as to which case was before the court. Second, the original habeas petition raised at least one factual issue—with respect to the furnishing of required *Brady* or *Rosario* material to defense counsel—that arguably warranted an evidentiary hearing because of some ambiguity in the state trial record. The written record of the state proceedings on the issue was ambiguous on this point.

An evidentiary hearing will allow petitioner to present evidence, including sworn testimony of his trial counsel, to determine what material, if any, was withheld by the government at trial and the effect, if any, on the fairness of the trial. *See Kyles v. Whitley*, 514 U.S. 419, 432–37, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (clarifying the required legal analysis for *Brady* -related claims in a habeas petition). Even if the factual inquiry to be addressed through an evidentiary hearing is limited, the present circumstances suggest that such a hearing will not be burdensome and will satisfy any concerns of the court, the public, and the petitioner that full due process was granted.

The court's "broad discretion" under Rule 60(b)(6) allows for the granting of "relief when appropriate to accomplish justice [and to] constitute[ ] a grand reservoir of equitable power to do justice in a particular case." *Pichardo*, 374 F.3d at 55. Such relief is warranted here.

### IV. No New Habeas Claims

Petitioner's *pro se* Rule 60(b)(6) motion references several arguments made in his 2003 habeas petition. He further expresses an abstract request to amend the original petition to include additional claims attacking his conviction:

[P]etitioner will seek permission to amend said petition to include violations

presented in State courts addressing various violations. (Dual theory violation, right to be informed[ ], right to put forth defense of choice and ineffective assistance of both trial and appellate counsel[ ].)

Petr.'s Rule 60(b)(6) Mot. at 6, D.E. No. 24.

Respondent argues that this statement represents an attempt to bring a second or successive habeas petition, which requires petitioner to obtain authorization from the Court of Appeals for the Second Circuit. Aff. in Opp'n to Petr.'s Mot. for Relief at 21–23, June 26, 2008, D.E. No. 26; 28 U.S.C. § 2244(b). Petitioner states only that he *"will* seek permission to amend" his habeas petition, indicating a possible future filing. At the hearing on this Rule 60(b)(6) motion, petitioner confirmed that he does not seek to introduce new claims or arguments that were absent from the original habeas petition. *See* Rule 60(b)(6) Mot. Hr'g Tr. at 35, Jan. 16, 2009. The motion solely attacks the federal habeas proceedings and does not constitute a second or successive habeas petition. *See Gonzalez,* 545 U.S. at 532, 125 S.Ct. 2641. No transfer to the court of appeals is warranted.

## V. Conclusion

Petitioner's motion for relief under Rule 60(b)(6) is granted. The habeas judgment of August 11, 2003 is vacated and an evidentiary hearing is ordered. Petitioner waives his physical presence at that hearing. *See* Rule 60(b)(6) Mot. Hr'g Tr. at 34–35. Counsel for petitioner on his Rule 60(b)(6) motion is assigned to represent him for purposes of the rehearing of his petition for a writ of habeas corpus.

SO ORDERED.