14-4575-pr
*Quinones v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

ANTONIO QUINONES,

        *Petitioner-Appellant,*                              14-4575-pr

        v.

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:   RANDOLPH Z. VOLKELL, Merrick, NY.

FOR RESPONDENT-APPELLEE:    DAVID K. KESSLER (Peter A. Norling, Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED and REMANDED**.

Petitioner-appellant Antonio Quinones ("Quinones") appeals from an October 14, 2014 order denying his motion pursuant to 28 U.S.C. § 2255 to vacate his sentence and conviction. Quinones argues that the District Court erred in failing to conduct a full evidentiary hearing on his claim that his trial counsel labored under a conflict of interest that caused an unconstitutional lapse in representation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Quinones argues that his trial counsel, Stephen Rosen ("Rosen"), had entered into a contingent-fee agreement that promised a $4 million "success fee" for winning Quinones's acquittal. This arrangement, Quinones argues, led Rosen to understate the strength of the Government's case in order to discourage a plea agreement. Although Quinones does not have a copy of any such agreement, he submitted a 52-page affidavit, as well as an affidavit from his son and co-defendant Herman Quinones, discussing the "success fee." In response, the Government submitted an unsigned, unsworn "affidavit" from Rosen, supplemented by exhibits, that denied any such arrangement. Based on these conflicting submissions, the District Court denied Quinones's motion without holding an evidentiary hearing.

In general, we review for "abuse of discretion" a district court's decision as to what kind of hearing, if any, is appropriate on a § 2255 motion. *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). "A court abuses its discretion when it takes an erroneous view of the law, makes a clearly erroneous assessment of the facts, or renders a decision that cannot be located within the range of permissible decisions." *Id.*

Our review has two steps. First, we ask whether any hearing is required. Section 2255(b) requires a district court to "grant a prompt hearing" on a petitioner's claims "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief" (emphasis supplied). We have described "[t]he procedure for determining whether a hearing is necessary" as "in part analogous to . . . a summary judgment proceeding," insofar as a court should "usually" hold a hearing "[i]f material facts are in dispute." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

Here, the District Court rightly concluded that some type of hearing was necessary. Claims of ineffective assistance of counsel "ordinarily" require a hearing. *See Armienti v. United States*, 234 F.3d 820, 825 (2d Cir. 2000). "To warrant a hearing," a defendant claiming ineffective assistance of counsel "need establish only that he has a plausible claim . . . , not that he will necessarily succeed." *Puglisi*, 586 F.3d at 213 (internal quotation marks omitted). Dismissal without a hearing is especially

"inappropriate" for claims, like Quinones's, that "involve[ ] off-the-record interactions with . . . trial counsel." *See Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001).[1]

If a hearing is required, we next ask what kind of hearing is appropriate. Section 2255 does not require "a full-blown testimonial hearing" in every case. *Id.* at 86. Instead, a district court can expand the record solely by soliciting written submissions from the parties, if the "court reasonably decide[s] that" live testimony "would add little or nothing." *Id.* The District Court purported to take such an approach in the present case. *See* App. 5. The procedure it employed, however, was insufficient for three reasons.

First, the District Court's reliance on Rosen's "affidavit" did not rise to the level of the "middle road" we condoned in *Chang*, 250 F.3d at 86. In that case, we affirmed a district court's decision to rely on "a detailed affidavit from trial counsel" instead of conducting a full hearing. *Id.* at 85. Here, in contrast, the District Court "credit[ed] the explanation" given in an unsworn, unsigned document that was "not evidence." App. 5 & n.2; *see Gonzalez*, 722 F.3d at 134. By disbelieving Quinones's affidavit on the basis of Rosen's unsworn statement, the District Court impermissibly failed to view the *evidence* "in the light most favorable to the petitioner." *Puglisi*, 586 F.3d at 213; *see id.* at 214 (noting that "a district court need not assume the credibility of" a defendant's factual assertions" if they "are contradicted *by the record* in the underlying proceeding" (emphasis supplied)).

Second, even if we were to credit Rosen's "affidavit," Quinones may still have advanced a plausible claim. The District Court suggested that the alleged "success fee" referred "to discussions about Rosen's potential fee" in a future civil-forfeiture case. App. 5. But such discussions may themselves have created an actual conflict of interest.[2] Before trial, the Government seized assets from Quinones that may have amounted to $16 million. Gov't App. 280. Rosen's affidavit suggested that his fee for recovering those assets could have been 25 percent, or up to $4 million. But such a recovery would only have been possible "*if Quinones were to prevail at trial*." Gov't Br. 20 (emphasis supplied). Accordingly, Rosen faced a sizeable, albeit indirect, incentive to discourage a plea agreement. *Cf. Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 632 n.10 (1989) (suggesting

---

[1] In evaluating the need for a hearing, courts should also be careful to show appropriate solicitude to *pro se* petitioners in order to avoid the "harsh and unfair results" that might occur from holding them to the standards of counseled litigants. *See Pham v. United States*, 317 F.3d 178, 187 (2d Cir. 2003) (Sotomayor, J., concurring in the judgment).

[2] The Sixth Amendment guarantees criminal defendants the right to conflict-free representation. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). We have identified three kinds of attorney-client conflicts: "*per se*," "actual," and "potential." *Ventry v. United States*, 539 F.3d 102, 111 (2d Cir. 2008). To prevail on a claim of actual conflict, a defendant must show (1) "that an actual conflict of interest existed," (2) that there was "an actual lapse in representation," and (3) "causation." *United States v. Moree*, 220 F.3d 65, 69 (2d Cir. 2000) (internal quotation marks and citation omitted).

3

that it "would surely constitute ineffective assistance of counsel" for "a lawyer . . . [to] advise a client to accept an agreement entailing a more harsh prison sentence but no forfeiture—even where contrary to the client's interests—in an effort to preserve the lawyer's fee"); *Winkler v. Keane*, 7 F.3d 304, 307–08 (2d Cir. 1993).[3]

Third, the District Court erred in concluding that Quinones "cannot establish that" he would have accepted a plea offer but for Rosen's inadequate representation. App. 5. The Court relied on notes from Rosen's co-counsel suggesting that "Rosen explained to Quinones the plea offers and the risks attendant to trial," and that Quinones wanted to risk trial anyway. App. 6. But although these unauthenticated notes—ostensibly written by a lawyer who may have shared in the alleged conflict, and whose testimony the Government did not seek—cast some doubt on Quinones's claim, they do not avert the need for an evidentiary hearing. Indeed, we ordered a hearing under similar circumstances in *Raysor v. United States*, 647 F.3d 491, 496–97 (2d Cir. 2011). The District Court also suggested that Quinones's protestations of innocence foreclose any possibility that he would have pleaded guilty but for Rosen's ineffective assistance. But although "contentions of innocence" are relevant, they "are not entirely dispositive." *Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir. 2000). That is particularly true where, as here, the defendant faced a large disparity in potential sentences. *See Pham v. United States*, 317 F.3d 178, 183 (2d Cir. 2003); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999). Similarly, the disparity between the 97-month sentence Quinones actually received and the 18-month sentence offered in the alleged proposed plea agreement, Gov't App. 186, further reinforces the plausibility of Quinones's assertion that he would have been amenable to accepting a plea agreement. The District Court erred in failing to consider this disparity. *See Raysor*, 647 F.3d at 496; *Puglisi*, 586 F.3d at 216.

To be clear, Quinones has not shown that Rosen provided conflicted or ineffective representation. But the materials before the District Court did not conclusively establish that Quinones is entitled to no relief. To the contrary, they indicated that "[t]here is [a] sufficient chance of success . . . to justify a full hearing." *See Raysor*, 647 F.3d at 497.[4]

---

[3] We have previously recognized the possibility that an attorney's interest in a forfeiture fee might result in a conflict of interest. *See, e.g.*, *Ciak v. United States*, 59 F.3d 296, 306 (2d Cir. 1995), *abrogated on other grounds*, *Mickens v. Taylor*, 535 U.S. 162 (2002); *United States v. Marquez*, 909 F.2d 738, 741 (2d Cir. 1990).

Of course, acquittal will often offer financial advantages for a defense lawyer, even under perfectly appropriate fee arrangements. *See Caplin & Drysdale*, 491 U.S. at 632 n.10. Our point is only that a lawyer who advises his client based on the prospect of future fees—even in the absence of a contingent-fee agreement—has not offered conflict-free representation.

[4] On remand, the District Court should appoint counsel for Quinones. *See* Rule 8(c), Rules Governing Section 2255 Proceedings (requiring appointment of counsel for indigent petitioners

**CONCLUSION**

We have reviewed all of the remaining arguments raised by the parties on appeal and find them to be without merit. For the foregoing reasons, we **VACATE** the order of the District Court and **REMAND** with instructions to hold a full evidentiary hearing on the merits of Quinones's § 2255 claim of ineffective assistance of counsel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

where an evidentiary hearing is required); *Graham v. Portuondo*, 506 F.3d 105, 108 (2d Cir. 2007) (vacating denial of a § 2254 petition where the district court failed to appoint counsel).