

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# Catherine Walsh v. John Quinn

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Catherine Walsh v. John Quinn" (2009). *2009 Decisions.* Paper 1392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3884
_____

CATHERINE WALSH,
                                        Appellant

v.

JOHN QUINN; FRANCIS J. KLEMENSIC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00328)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2009

Before:  RENDELL, FUENTES AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 7, 2009)

_____

OPINION
_____

PER CURIAM

Pro se appellant Catherine Walsh challenges the District Court's dismissal of her

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and denial of her

motion for leave to amend her complaint.  For the reasons below, we will affirm the

District Court's orders.

I.

In 2000, Walsh, who was then represented by counsel, filed a medical malpractice suit in the Erie County, Pennsylvania, Court of Common Pleas. Judge John A. Bozza presided over the case and John Quinn and Francis Klemensic represented defendants Dennis Borozon, M.D. and St. Vincent Health Center. On June 4, 2004, three days before the trial was to begin, the defendants moved for summary judgment. Four days later, Walsh moved for leave to file an amended complaint. The trial court denied Walsh's motion and granted the defendants' motions for summary judgment. On July 11, 2005, the Pennsylvania Superior Court affirmed the trial court's decision.

Two-and-one-half years later, on November 26, 2007, Walsh filed the current complaint in the United States District Court for the Western District of Pennsylvania. She alleges that Quinn and Klemensic—the attorneys for the defendants in her state case—conspired with Judge Bozza to interfere with her due process rights. Walsh asserts that in 2003 Bozza formed a medical malpractice workgroup in response to a medical malpractice case he had presided over in which the jury awarded substantial damages to the plaintiff. According to Walsh, Bozza named Quinn and Klemensic to the workgroup, and throughout 2003 and 2004, "upon information and belief," they had ex parte communications about her case. She believes that "Quinn and Klemensic along with Bozza acted unlawfully together to violate [her] rights by making sure that her case was

2

terminated in favor of the defendants. Quinn and Klemensic had to have worked with Judge Bozza to end the case improperly."

The District Court, upon motion by Quinn and Klemensic, dismissed Walsh's case. The District Court first determined that it lacked jurisdiction under the Rooker-Feldman doctrine.[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The District Court then found that, even if it did have jurisdiction, Walsh's conspiracy claim, as assessed under 42 U.S.C. § 1983, failed because she did not plead sufficient facts to demonstrate that Quinn and Klemensic could be treated as having acted "under color of state law."

Ten days after the District Court dismissed her complaint, Walsh's counsel sought to withdraw from the case and Walsh filed pro se a motion for reconsideration and for leave to file an amended complaint. Walsh asserted that she should be allowed to amend her complaint because she "ha[d] new information which she feels will strongly impact the case against defendants Quinn and Klemensic." On September 8, 2008, the District Court denied Walsh's motions. Walsh now appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over an order dismissing a complaint for failure to state a claim. Angstadt v. Midd-West Sch.

_____

[1] We need not address the District Court's ruling pursuant to the Rooker-Feldman Doctrine because we are affirming on other grounds.

3

Dist., 377 F.3d 338, 342 (3d Cir. 2004). "We accept as true all factual allegations in the complaint and will affirm . . . only if it is certain that no relief can be granted under any set of facts which could be proved." Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 919 (3d Cir. 1999) (internal quotation and citation omitted).

As the District Court explained, a claim for a violation of civil rights under 42 U.S.C. § 1983 can be sustained only if a defendant has deprived a plaintiff of a federal constitutional or statutory right while acting under color of state law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Walsh claims that Quinn and Klemensic acted under color of state law by conspiring Judge Bozza, a state actor. To allege such a conspiracy, the complaint must specifically present facts tending to show agreement and concerted action to deprive the plaintiff of his or her rights. Crabtree v. Muchmore, 904 F.2d 1475, 1476 (10th Cir. 1990); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Assuming Walsh's allegations to be true, as we must, and viewing the facts in the light most favorable to Walsh, we conclude that there is no set of facts from which we can infer an understanding among Judge Bozza, Quinn, and Klemensic to deprive Walsh of her constitutional rights. Walsh attempts to tie Judge Bozza's and the lawyers' involvement with the medical malpractice workgroup—which she suggests was formed to curb plaintiffs' damages in medical malpractice cases—to supposed ex parte conversations about her case, to the dismissal of her case. However, she presents nothing

4

more than vague inferences and ambiguous allegations. And as the District Court articulated in its opinion, mere allegations of joint action or a conspiracy are not sufficient to survive a motion to dismiss. See Crabtree, 904 F.2d at 1476. In sum, as nothing in the complaint demonstrates the existence of any concerted effort between Judge Bozza and the attorneys, we agree with the District Court's determination that Walsh failed to demonstrate that the attorneys acted under color of state law. It was thus appropriate for the District Court to dismiss Walsh's complaint.

Walsh also complains that the District Court abused its discretion by denying her motion to amend her complaint, which she filed after the District Court dismissed her case. As Walsh points out, refusals to grant leave to amend are reviewed for abuse of discretion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). However, "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . .when justice so requires,' Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, Rules 59 and 60 govern the opening of final judgments," and amendment is not allowed unless the judgment is set aside or vacated under one of those rules. Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1489).

Walsh filed her motion for reconsideration within ten days of the District Court's dismissal of her case; however, neither Rule 59 nor Rule 60(b) provides relief. She failed

5

to demonstrate any basis for granting her motion, such as an applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, Walsh did not allege any new facts when proposing to file an amended complaint—she stated only that she "has new information which she feels will strongly impact the case against defendants Quinn and Klemensic." The District Court thus did not abuse its discretion by denying Walsh's motion to amend her complaint after her case had been dismissed.

For these reasons, we will affirm the District Court's orders.