Catherine WALSH, Appellant

v.

John M. QUINN; Francis J. Klemensic; Dennis P. Borczon; Martin Acri.

No. 09–3411.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and IOP. 10.6 Dec. 17, 2009.

Opinion filed: Dec. 29, 2009.

Catherine Walsh, Edinboro, PA, pro se.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Catherine Walsh appeals from the District Court's dismissal of her civil suit. For the following reasons, we will summarily affirm.

In 2000, Walsh filed a medical malpractice suit in Pennsylvania state court. Judge John A. Bozza presided over the case, and John Quinn and Francis Klemensic represented defendants Dennis Borczon, M.D., and St. Vincent Health Center. The suit ended when the court granted defendants' motions for summary judgment. In November 2007, Walsh filed a complaint in the United States District Court for the Western District of Pennsylvania, alleging that Quinn and Klemensic conspired with Bozza to interfere with her due process rights. Acting on Quinn and Klemensic's motion, the District Court dismissed the case, first determining that it lacked jurisdiction under the *Rooker–Feldman* doctrine, and second finding that Walsh's conspiracy claims failed inasmuch as she did not plead sufficient facts to demonstrate that Quinn and Klemensic could be treated as having acted "under color of state law." Walsh appealed, and we affirmed. *Walsh v. Quinn*, 327 Fed. Appx. 353 (3d Cir.2009) (per curiam) (unpublished).[1]

Walsh filed the current action in July 2009, alleging that defendants violated her procedural due process rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)(3), and 42 U.S.C. § 1986. Specifically, Walsh alleged that Appellees conspired with Judge Bozza to dismiss her 2000 medical malpractice suit in order to benefit Judge Bozza's daughter. According to Walsh, Judge Bozza's daughter worked for a medical clinic which provided her with prenatal care from 1998 to 2006. The District Court sua sponte dismissed her lawsuit with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Walsh filed a timely motion for reconsideration but the District Court denied it. Walsh then filed a timely notice of appeal.

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. *Atkinson v. LaFayette College*, 460 F.3d 447, 451 (3d Cir.2006). In reviewing the District Court's judgment we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (citations omitted). We summarily affirm an order of the District Court "when 'no substantial question' is presented by the appeal." *United States v. Baptiste*, 223 F.3d 188, 190 n. 3 (3d Cir.2000) (per curiam) (citation omitted).

We agree with the District Court that the doctrines of claim preclusion and issue preclusion bar Walsh's claims against Ap-

---

1. The opinion affirmed based on the District Court's second finding and not on its *Rooker–Feldman* holding.

pellees. The principle of claim preclusion bars claims that were brought, or could have been brought, in a previous action. *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir.2008). The doctrine bars a suit where three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991). "The prerequisites for the application of issue preclusion are satisfied when: 1) the issue sought to be precluded [is] the same as that involved in the prior action; 2) that issue [was] actually litigated; 3) it [was] determined by a final and valid judgment; and 4) the determination [was] essential to the prior judgment." *Peloro v. United States,* 488 F.3d 163, 174–75 (3d Cir.2007). Moreover, under the modern doctrine of non-mutual issue preclusion, a litigant may be prevented "from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary." *Id.* at 175.

■ Here, for purposes of both claim and issue preclusion, there was a final judgment on the merits in a prior suit. The District Court dismissed the 2007 action for failure to state a claim under Rule 12(b)(6). *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a judgment on the merits for res judicata purposes). The second element is satisfied because the previous suit involved claims against Quinn and Klemensic. Third, the 2007 suit involved the same cause of action: a conspiracy to deprive Walsh of her procedural due process rights during the earlier state-court litigation. Thus Walsh's new suit against Quinn and Klemensic was barred.

■ The result of the 2007 suit also satisfies the prerequisites for application of issue preclusion to the conspiracy claims against Appellees Borczon and Acri. Namely, Walsh is attempting to re-litigate the issue of whether her due process rights were violated during the 2000 medical malpractice suit. Under non-mutual issue preclusion, inasmuch as Walsh had a full and fair opportunity to litigate the conspiracy issue and received a judgment on the merits, that claim is now also barred against Appellees Borczon and Acri as well. In any event, even if these claims were not barred by issue preclusion, we would still affirm as Walsh failed to plead facts which would allow the District Court "to draw the reasonable inference that the defendant[s][are] liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

■ Walsh has filed a motion to disqualify all Pennsylvania judges and all judges on this Court "due to bias and conflict of interest." (Appellant's Motion to Recuse at 1.) As evidence of bias, she points to an opinion this Court issued in 2007 which cites her state court case. There is absolutely no merit to Walsh's argument that a citation in an unrelated case requires recusal of any judge, let alone the judges of this panel, or the entire Court. *See* 28 U.S.C. § 455(a). Walsh's motion is denied.

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. *See* 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.