**Sam ACCARDI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 464, Docket 31041.**

United States Court of Appeals Second Circuit.

Submitted May 17, 1967.

Decided June 20, 1967.

Sam Accardi, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City (Charles P. Sifton and Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Before LUMBARD and MOORE, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

Appellant was indicted in 1955 on five counts of violating and conspiring to violate federal laws relating to narcotics. After pleading not guilty to all counts and posting a bail bond in the amount of $75,000, appellant failed to appear as required before the District Court and bail was forfeited. Appellant was thereafter located in his native Italy and returned to this country by Presidential Warrant in 1963. Appellant was tried in 1964 on four of the original five counts, found guilty on all four counts and was sentenced to five years on each of three of the four counts, the sentences to run consecutively, and received a suspended sentence on the fourth count. In addition, he was fined a total of $16,000. Appellant's conviction was affirmed by this Court. 2 Cir., 342 F.2d 697; cert. denied, 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965).

In September 1966, appellant filed the instant motion under 28 U.S.C. § 2255 to have his judgment of conviction and sentence set aside on two grounds: (1) that he was unable to understand the charges against him and to assist his counsel in the preparation of a defense as a result of his ignorance of the English language, and (2) that he was incompetent to stand trial as a result of treatments he was receiving during the course of the trial. Judge Cannella, who had also presided over appellant's original trial, denied the motion without a hearing and this appeal followed.

Appellant's affidavit in support of his § 2255 petition consists of six sentences totally devoid of any factual elaboration concerning the basis of his claims. In addition, appellant's unsworn petition consists of conclusory statements which are totally contradicted by the record of the trial. Judge Cannella, who having presided over the original trial was familiar with the facts, acted well within his discretion in denying the petition without a hearing. The "files and records of the case conclusively show" (§ 2255) that appellant is entitled to no relief. During his trial, he conferred with his trial attorney in the English language. Except for brief periods, he had been in this country since 1927 and had been in business here. He testified on his own behalf without an interpreter, the services of whom were rejected by his counsel, and he did not claim any unfamiliarity with nor lack of understanding of English during his trial. Nor was any proof presented that any medical condition interfered with the presentation by him and his counsel of a vigorous defense.

Affirmed.

* Of the Southern District of New York, sitting by designation.