**Donald HERZOG, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Docket No. 01–2043.**

United States Court of Appeals, Second Circuit.

June 10, 2002.

Andrew D. Greene, Lake Success, NY, for Plaintiff–Appellant.

Leslie C. Brown, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney and Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Defendant–Appellee.

Present STRAUB, SOTOMAYOR, Circuit Judges, and SESSIONS,* District Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Donald Herzog appeals from an order entered in the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Having now considered the merits of the issue identified in his Certificate of Appealability, we conclude that the District Court did not abuse its discretion when it determined that a hearing was not necessary to decide Herzog's § 2255 petition. We therefore affirm the judgment of the District Court.

FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 1993, a sixty-count indictment was filed against Herzog and thirteen other defendants based on Herzog's operation of two landfills in New York and Pennsylvania. Following a jury trial, Herzog was convicted of various RICO violations, wire and mail fraud, money laundering, defrauding the IRS, and filing false tax returns. He was sentenced principally to 151 months' imprisonment, forfeiture of $500,000 and a special assessment of $900. After retaining new counsel for his appeal, Herzog appealed his conviction and sentence to this Court. On April 17, 1997 we affirmed Herzog's conviction but remanded his sentence for additional fact-finding. The District Court then performed the necessary fact-finding and re-sentenced Herzog to the same sentence as originally imposed.

After the close of his direct appeal, Herzog filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. In his petition, Herzog raised a host of challenges to his conviction, most of which centered around the allegation that his trial counsel had a conflict of interest because his fees were paid by the Luchese crime family. Among his claims, Herzog contended that his trial counsel, George L. Santangelo, provided ineffective assistance of counsel when he failed to adequately advise Herzog of his sentence exposure if he was convicted. Herzog alleged that Santangelo advised him that if convicted, Herzog faced only 96 months' imprisonment. Based on

* The Honorable William K. Sessions, of the United States District Court for the District of Vermont, sitting by designation.

this information, Herzog rejected a plea offer from the Government that carried a term of imprisonment of 72 months. In the end, however, Herzog was sentenced to 151 months of incarceration.

Before ruling on Herzog's petition, the District Court directed that Santangelo submit an affidavit responding to Herzog's claims. Santangelo's affidavit stated that although he attempted to reach a plea agreement, the Government conditioned any agreement upon a global settlement, whereby all of the defendants would plead guilty. However, because more than one co-defendant refused the government offers, no plea agreement was possible. Moreover, Santangelo claimed that he informed Herzog that if the plea agreement went through, his term of imprisonment would be approximately half of what he would receive if convicted at trial. In his reply to the Government's opposition papers, Herzog stated directly, for the first time, that he would have accepted the Government's plea offer had Santangelo accurately described his sentence exposure. Herzog added, however, that he believed he was not legally required to establish this point.

On November 3, 2000, the District Court rejected Herzog's petition in its entirety. With respect to Santangelo's advice regarding a plea bargain, the court stated that, even assuming Herzog's allegations were true, Herzog had not been affected because "[t]he Government's plea offer was based only on a global settlement plea agreement which would include all Defendants, and in any event Herzog was unwilling, and now remains unwilling, to admit his guilt in this case." Moreover, Herzog's request for an evidentiary hearing was rejected, stating that "[f]actual averments which are uncorroborated, inconsistent with known facts or irrelevant are not sufficient to require an evidentiary hearing

under the circumstances of this case...." The court rejected the contention that "simply because [Herzog] disputes the facts contained in Mr. Santangelo's affidavit, this Court is required to conduct an evidentiary hearing." The District Court therefore denied Herzog's petition in its entirety without holding a hearing and rejected his request for a Certificate of Appealability.

On June 6, 2001, this Court granted Herzog a Certificate of Appealability limited to "the issue of whether an evidentiary hearing is appropriate to determine if counsel informed the appellant of the maximum sentence the appellant would face if convicted at trial of all of the charges in the indictment." We now turn to the merits of this issue.

## DISCUSSION

■ This Court reviews a district court's denial of a hearing under § 2255 for abuse of discretion. *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001). For two independent reasons, we conclude that the District Court's decision not to hold a hearing to consider Herzog's § 2255 petition was not an abuse of discretion.

First, even if all of Herzog's factual allegations are accepted as true, he still would be unable to prevail in his claim of ineffective assistance. To establish a claim of ineffective assistance, a petitioner must show that (i) his counsel's representation was below "an objective standard of reasonableness" under prevailing professional norms; and (ii) that his counsel's failure to provide effective assistance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming that Santangelo's advice was deficient such that *Strickland's* first prong is satisfied, Herzog cannot demonstrate that the ad-

vice resulted in prejudice. The Government's plea offer was contingent on the acceptance of the plea by all of the defendants. However, as Herzog himself concedes, many of Herzog's co-defendants rejected the plea. Thus, the offer of a 72–month term of incarceration was no longer available to Herzog, and there is nothing in the record indicating that a new offer would have been extended to Herzog. Nor is Herzog's claim saved by our decision in *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998), where we suggested that a defendant might be able to establish prejudice by losing the opportunity to engage in further plea negotiations. Here, there is nothing in the record showing that the Government would have considered a deal with Herzog in absence of the agreement of all of the defendants.[1]

Moreover, as found by the District Court, Herzog himself never showed any inclination toward accepting a plea and is unable to put forward any objective evidence establishing a reasonable probability that he would have accepted the plea.[2] *See id.* at 381. We note that in his affidavit in the § 2255 proceeding below, Herzog did not unequivocally state that he would have accepted the Government's plea offer but for Santangelo's allegedly deficient advocacy. The record on appeal suggests that it was not until his reply to the Government's opposition papers that Herzog stated that he would have accepted the offer, and then he did so in qualified terms. *See Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (finding allegations insufficient to satisfy *Strickland* prejudice requirement where "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial"); *Gordon*, 156 F.3d at 381 (holding that disparity between counsel's description of sentence exposure and actual sentence "provides sufficient objective evidence—*when combined with a petitioner's statement concerning his intentions*—to support a finding of prejudice under *Strickland* ") (emphasis added). We also note that throughout the § 2255 proceeding below, Herzog maintained that his ties to organized crime were the result of duress applied by the Luchese crime family. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir.1999) (stating that § 2255 petitioner's "insistence on his innocence is a factor relevant to any conclusion as to whether he has shown a reasonable probability that he would have pled guilty"). Because Herzog could not prevail on his claim of ineffective assistance, it was not an abuse of the District Court's discretion

---

1. Herzog has represented that two of the defendants received individual plea agreements. One of these defendants pleaded guilty to a superseding information charging him with being an accessory after the fact to mail fraud. The other pleaded guilty to the substantive RICO charge pursuant to a cooperation agreement. *United States v. Zagari*, 111 F.3d 307, 316 n. 6 (2d Cir.1997). Herzog has not shown that he was similarly situated in material respects to either of these two defendants, and the available information shows that he was not at least as to one. For example, in his affidavit in the § 2255 proceeding below, Herzog stated that he had declined the FBI's request that he cooperate in its investigation of the Luchese crime family. Thus, Herzog has provided no grounds for us to conclude that he would have been likely to receive a separate offer.

2. The District Court determined that even had Santangelo's performance been adequate, Herzog would not have accepted the plea. A district court's factual determination of whether a petitioner would have accepted a plea will be overturned only if it is clearly erroneous. *See Purdy v. United States*, 208 F.3d 41, 49 (2d Cir.2000). Here, we cannot say that the District Court's finding was clearly erroneous.

to decline an evidentiary hearing on the issue.

■ Second, § 2255 provides that a district court need not conduct a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In order to be entitled to a hearing, then, the petitioner must establish that the case involves controverted issues of fact not susceptible to resolution by other means. *See Chang*, 250 F.3d at 86. As we recently stated, "the district court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing . . . [i]t [is] within the district court's discretion to choose a middle road that avoid[s] the delay [and] needless expenditure of judicial resources . . . that would have resulted from a full testimonial hearing." *Id.* Here, we cannot say that the District Court abused its discretion when it decided that a hearing was not necessary to decide the case. Herzog had offered no evidence of Santangelo's allegedly inadequate advice and no evidence establishing that he would have accepted a plea had he been aware of the consequences. Just as in our previous decision in *Chang,* the decision to deny a hearing was made by a judge who, "having tried the case, was intimately familiar with the trial proceedings and the events and circumstances surrounding them. It was within the court's discretion to determine that more was not needed." *Id.* Accordingly, the judgment of the District Court is AFFIRMED.