**04-4834-pr**
**Puglisi v. United States**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: November 24, 2008          Decided: November 13, 2009)

Docket No.  04-4834-pr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK PUGLISI,

          Petitioner-Appellant,

               v.

UNITED STATES OF AMERICA

          Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, WALKER, and CALABRESI, Circuit Judges.

     Appeal from a denial by the United States District Court for the Eastern District of New York (Joanna Seybert, Judge) of a 28 U.S.C. § 2255 motion to vacate conviction and sentence due to ineffective assistance of counsel.  We hold that denial was appropriate given that appellant failed to produce or identify evidence of actual prejudice.  We therefore affirm.

CHERYL J. STURM, Chadds Ford, Pennsylvania, for Petitioner-Appellant.

JO ANN M. NAVICKAS, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Peter A. Norling, Assistant United States Attorney, of counsel, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for Respondent-Appellee.

WINTER, Circuit Judge:

Frederick Puglisi appeals from Judge Seybert's order denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence due to ineffective assistance of counsel. The basis for the motion was a claim that appellant's trial counsel misinformed him as to whether the district court could consider conduct for which he had not been convicted in determining his sentence. It was argued in supporting papers that appellant relied on such misinformation in rejecting a plea agreement offered by the government. The district court concluded that appellant failed to establish that he was actually prejudiced by the alleged misinformation and denied the motion without holding an evidentiary hearing. On appeal, appellant contends that the district court erred in denying his motion without first holding a hearing.

We affirm.

BACKGROUND

Appellant was tried with co-defendants Silverio Romano and Anthony Basile. Appellant had been charged with a myriad of crimes, many quite serious: racketeering, 18 U.S.C. § 1962(c), racketeering conspiracy, id. § 1962(d), murder and conspiracy to kidnap and murder in order to increase or maintain position in the racketeering enterprise, id. § 1959(a)(1) & (5), conspiracy to possess with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), possession with intent to distribute marijuana, id. § 841(a)(1), use of a communication device to facilitate narcotics offenses, id. § 843(b), use and possession of firearms in relation to crimes of violence and drug trafficking crimes, 18 U.S.C. § 924(c)(1), and receiving or possessing defaced firearms, id. § 922(k). On February 14, 1995, after a four and one-half month trial and seventeen days of deliberation, the jury convicted appellant of racketeering, racketeering conspiracy, conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and the use of a communication device to facilitate a narcotics transaction. The jury could not agree on a verdict as to the remaining charges.

After several adjournments to allow present counsel, who was retained after the trial but before sentencing, to supplement trial counsel's sentencing submissions with her own, the court

3

held a series of sentence-related hearings in March and April of 1997. At the beginning of the final sentencing hearing on April 25, 1997, appellant was represented both by trial counsel and present counsel. At that hearing, present counsel pressed a claim, obliquely raised for the first time in an out-of-time submission two days prior, that appellant was entitled to a sentence reduction for acceptance of responsibility. Her argument was that trial counsel had misinformed appellant as to the court's power to consider at sentencing conduct that was not the subject of conviction. That misinformation, the argument went, caused appellant to fail to plead guilty, thereby losing a reduction in sentence for acceptance of responsibility. See U.S. Sentencing Guidelines ("U.S.S.G.") § 3E1.1 (1991). The government immediately countered that it could disprove the factual basis of the argument -- that it was an "outrageous claim" and "utterly and completely false." Puglisi Sentencing Trans., Apr. 25, 1997 ("Trans."), at 42, 45.

The court inquired of trial counsel as to their position on this issue, but they demurred on the ground of attorney-client privilege. Present counsel then invoked the privilege, thereby blocking the court's inquiry. Trial counsel moved to withdraw as counsel for appellant.

The court offered appellant's present counsel an opportunity to present evidence on the issue. Counsel declined. Rather, she

4

responded that before pressing appellant's claim at an evidentiary hearing, she needed to speak with possible witnesses who were alleged to have overheard statements by trial counsel after the verdict. After chiding present counsel for raising a new point well after the scheduled deadline and without adequate preparation, the judge then granted trial counsel's motion to withdraw and decided to proceed with the scheduled sentencing, leaving the advice-of-trial-counsel issues to later proceedings.

Appellant then addressed the court. He stated that he never wanted to go to trial but that "[t]he circumstances dragged me to trial." Trans. at 76. He said that he "felt that [he] should have cooperated with the government" but that there were "people involved in the case that were killing witnesses." Trans. at 77. He noted that if he had cooperated, his brother and brother-in-law would lose their established businesses on Staten Island and have to move, thereby "ruin[ing] their lives" and "destroy[ing] their livelihood." Id.

The district court sentenced appellant to life imprisonment. The court based its sentence on a total offense level of 42, which warranted a range from 360 months to life, and imposed the highest term in the range after considering appellant's role in the attempted murders and a murder, charges on which the jury had reached a hung verdict.

Appellant appealed, making several claims, one of which is

relevant to the present proceeding: loss of the acceptance of responsibility reduction in sentence because of constitutionally ineffective assistance of trial counsel. See United States v. Silvestri, Nos. 97-1430, 97-1439, 1998 WL 777763, at *3 (2d Cir. Oct. 29, 1998). We affirmed appellant's conviction and sentence but declined to rule on his ineffective assistance of counsel claim due to the sparse record. Id.

On October 26, 1999, appellant timely filed the present motion under 28 U.S.C. § 2255. The motion raised a number of claims, only one of which is before us: trial counsel's failure to provide effective assistance in rendering pre-trial advice. The memorandum of law accompanying the motion deviated in one respect from the earlier claim on direct appeal concerning the alleged erroneous advice. The harm now alleged to have occurred was not simply the loss of the acceptance of responsibility reduction but rather the failure to accept a plea bargain offered by the government. The relief sought was the reversal of conviction, or in the alternative, that the sentence be vacated. No details were provided as to the plea bargain offered by the government. Appellant filed a declaration and an affidavit in support of the motion, the former adopting counsel's statements of facts as set forth in the motion and memorandum of law and the latter stating in relevant part that he had been misinformed by trial counsel in the manner noted above.

On November 2, 1999, the district court ordered the government to show cause why appellant's petition should not be granted. After both the government's reply and appellant's traverse were filed, the government wrote to the court requesting that it issue an order directing appellant's counsel to provide more detailed facts to enable the government to provide the court with attorney affirmations that would respond to appellant's allegations. Present counsel replied, suggesting that an evidentiary hearing was the appropriate vehicle. Thereafter, without a hearing, the district court issued an order denying the petition. As to the ineffective assistance of counsel claim that is the subject of this appeal, the district court concluded that the appellant had failed to establish that counsel's alleged misinformation prejudiced the outcome of his case because (i) he had persisted in his claims of innocence, (ii) he had exhibited no intent to accept any offered plea agreement, and (iii) even assuming that he would have accepted a plea offer, he remained subject to the court's consideration of any acquitted charges at sentencing.

On February 28, 2009, we granted appellant a certificate of appealability with respect to the ineffective assistance of counsel claim relating to his rejection of a plea offer.

DISCUSSION

Appellant's claim on appeal is that the district court erred

7

by not holding an evidentiary hearing on the ineffective assistance of counsel claim asserted in his motion and presumably (it is not explicitly argued) that he is entitled to the sentence that he could have received had he accepted a plea agreement.

Under Section 2255 of Title 28, United States Code, a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence on the ground that such sentence was illegally imposed. 28 U.S.C. § 2255(a). The statute further provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that "he will necessarily succeed on the claim." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000) (quoting United States v. Tarricone, 996 F.2d 1414, 1418 (2d Cir. 1993)). Rule 4(b) of the Rules Governing § 2255 Proceedings further provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28

8

U.S.C. foll. § 2255.

The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. Compare Rules Governing § 2255 Proceedings, Rules 2, 4(b), with Fed. R. Civ. P. 56(a)-(c); see also Blackledge v. Allison, 431 U.S. 63, 80-83 (1977). The district court reviews those materials and relevant portions of the record in the underlying criminal proceeding. Compare Rules Governing § 2255 Proceedings, Rules 4(b), 8(a) with Fed. R. Civ. P. 56(c). The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made. Compare Armienti, 234 F.3d at 825 (remanding for a hearing where appellant alleged several specified instances of attorney's deficiencies that were product of specific conflict of interest), United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987) (holding that hearing is appropriate when application includes

9

"assertions of fact that a petitioner is in a position to establish by competent evidence"), and Newfield v. United States, 565 F.2d 203, 207 (2d Cir. 1977) (a motion supported by a "sufficient" affidavit including detailed and controverted issues of fact warrants a hearing, but "bald allegations" unsupported by evidentiary facts do not), with Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (requiring plaintiff present evidence from which a jury might return a favorable verdict in order to have survived summary judgment requirement that he provide "a genuine issue of fact" for trial).

The analogy to summary judgment is not complete, however. There is no pre-motion discovery in a Section 2255 case, as there is in summary judgment proceedings in a civil case. Therefore, a petitioner may need only to identify available sources of relevant evidence rather than obtain it as in civil cases or seek a discovery order from the court under Rule 6 of the Rules Governing Section 2255 Proceedings. Compare Rules Governing § 2255 Proceedings, Rules 4(b), 6(a) (discovery requires leave of court), and Armienti, 234 F.3d at 823 with Fed. R. Civ. P. 56, and Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008).

Moreover, a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding. Compare Contino v. United States, 535 F.3d 124, 127-

10

28 (2d Cir. 2008) (per curiam) (defendant failed to make a substantial showing that his plea was not voluntary or intelligent or that he received ineffective assistance of counsel where it was clear from the record, including the indictment, the signed plea agreement, and the allocution at the plea proceeding that he understood the nature of charges against him), Zhang v. United States, 506 F.3d 162, 164, 169 (2d Cir. 2007) (defendant's claim that his guilty plea was involuntary because he was unaware of the deportation consequences was insufficient where the judge at the plea allocution put defendant on notice of the consequences), Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 193, 196-98 (2d Cir. 2002) (defendant's claim that he received ineffective assistance of counsel because he did not know the nature of the charges was insufficient where the proceedings at the guilty plea hearing and the plea agreement showed otherwise), Newfield, 565 F.2d at 208 (defendant was not entitled to a hearing on his claims of incompetency at the time of trial where there was no assertion of new information and the trial judge reviewing the petition "had ample opportunity to observe the appellant's demeanor and behavior in the courtroom"), and Accardi v. United States, 379 F.2d 312, 313 (2d Cir. 1967) (per curiam) (defendant was not entitled to a hearing where he claimed he was unable to understand the charges against him due to his poor English language skills and that he was incompetent

11

at the time of trial where the trial judge reviewing the petition was familiar with the facts, the record showed that defendant did not need an interpreter and had discussions with his trial attorney in English, and there was no proof of the claimed medical condition), with Cioffi v. Averill Park Cert. Sch. Dist. Bd. of Ed., 444 F.3d 158, 162 (2d Cir. 2006) (when deciding a summary judgment motion in a civil case, all factual ambiguities must be resolved in the non-moving party's favor and the court may not weigh the evidence, but rather must only determine whether a genuine issue of fact exists for trial).

Indeed, for this reason, we have also held that when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner.

For example, we have so held in a case in which a petitioner raised a claim generic to all defendants who have not taken the stand in their defense at trial, namely, that trial counsel prohibited him from taking the stand. Chang v. United States, 250 F.3d 79, 84-86 (2d Cir. 2001). In Chang, the district court did not hold a full hearing. Id. at 81-82. Rather, it invited trial counsel to respond to the claim. Id. at 81. Trial counsel submitted a detailed affidavit contradicting the claim that the petitioner was not advised of his right to testify, detailing

12

conversations between counsel and the petitioner about the advisability of testifying, and explaining why they agreed that it was inadvisable for the petitioner to testify. Id. at 81-82. We affirmed on the ground that a sufficient hearing had been held to reject the claim. Id. at 85-86.

We held that in cases involving claims "that can be, and [are] often, made in any case," the judge may properly rely on his or her knowledge of the record and may permissibly forgo a full hearing and instead request letters, documentary evidence, and affidavits to aid in its resolution of the claim. Id. at 86. The trial judge is intimately familiar with the proceedings and the surrounding circumstances. The trial judge is also in a position, based on the knowledge gained in the underlying criminal proceeding and on his or her role as a trier of fact in the habeas proceeding, to hold that the particular petitioner had no chance of overcoming counsel's detailed explanation and proving that counsel prohibited testimony in his or her defense. Id. The intermediate step -- between deciding the motion without the benefit of any supplemental materials and a full hearing with live witnesses -- "avoid[s] the delay, the needless expenditure of judicial resources, [and] the burden on trial counsel and the government." Id.

Finally, our standard of review with respect to a district court's decision to hold a hearing and if held, its sufficiency,

13

also differs from summary judgment's general de novo review. See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir. 2008). In some cases, such as where the judge who tried the case holds a limited hearing to decide a generic claim, the determination of whether the hearing was sufficient is reviewed for an abuse of discretion. Chang, 250 F.3d at 82, 85-86. In the present case, in which the district court denied any form of an evidentiary hearing, our review of the district court's denial of a hearing is for clear error as to issues of fact, such as a district court's determination that the record precludes the claim, and de novo for issues of law. Harris v. United States, 367 F.3d 74, 79 (2d Cir. 2004); Chang, 250 F.3d at 82. Because petitioner's claim of ineffective assistance of counsel is a question of mixed fact and law, our review is de novo. See Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003); Chang, 250 F.3d at 82. We turn now to the merits.

To establish an ineffective assistance of counsel claim, a defendant must satisfy two requirements. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. Id. Given the procedural posture of this appeal, we will assume the deficiency of the advice allegedly given, although the record of the sentencing hearing suggests that trial counsel would, if allowed, dispute the claim. Second, the defendant must show that the

14

deficient performance prejudiced the defense, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." Id. at 694. This prong of the Strickland test is the subject of the present appeal.

With respect to a claim that counsel's ineffective assistance led to the rejection of a plea offer that, properly informed, would have been accepted, a petitioner seeking a hearing must proffer arguably credible evidence of a prima facie case that, but for counsel's improper advice, the petitioner would have accepted the plea offer. See Aeid v. Bennett, 296 F.3d 58, 63-64 (2d Cir. 2002). This may be accomplished through the petitioner's own sworn statement if it is credible in light of all the relevant circumstances. See Cullen v. United States, 194 F.3d 401, 407-08 (2d Cir. 1999) ("Though a claim that he would have accepted the plea would be self-serving . . . , it ought not to be rejected solely on this account. . . . The credibility determination should be based on all relevant circumstances." (footnote omitted)); Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974) ("[T]his court takes a dim view of any summary rejection of a petition for post-conviction relief when supported by a 'sufficient affidavit.' But we have, consistently with that pronouncement, recognized that a judge is well within his discretion in denying a petition when the

supporting affidavit is insufficient on its face to warrant a hearing." (citations omitted)); see also Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003). Thus, we have found that a petitioner's statement is sufficiently credible to warrant a hearing where it is accompanied by some "objective evidence," such as a significant sentencing disparity, that he or she would have accepted the proposed plea offer if properly advised. See Pham, 317 F.3d at 182-83; United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (per curiam).

Here, appellant has failed to shoulder his burden to establish actual prejudice under Strickland. This is so for several reasons. First, unlike the petitioner in Pham, appellant failed to provide any statement that he would have accepted the government's plea offer if properly advised. While appellant did submit an affidavit in support of his motion, he never stated that he would have entered a plea had he received adequate legal advice. Rather, his affidavit states as follows: "I was never advised by my Lawyers that if the Jury was dead-locked on any count(s), those count(s) could be use [sic] against me for sentence." Puglisi Affidavit, Oct. 21, 1999, at ¶14. Specifically, although represented by counsel on his § 2255 petition, appellant never states that he would have accepted a particular plea offer had he known that the judge could consider at sentencing conduct that was not the subject of a conviction.

16

This is so even though the district court had repeatedly expressed its skepticism at sentencing with respect to this particular claim. See, e.g., Trans. at 61:5-7 ("[The appellant] hasn't accepted responsibility for the crimes for which he was convicted of and I doubt if he ever will."); id. at 61:11-14 ("Mr. Puglisi wanted to plead guilty on his terms. He wanted a guarantee that he would get no more than X amount of years. He chose to go to trial. He didn't accept responsibility."); id. at 94:16-21 ("And I must say up until today you've been respectful of the Court. You've never appeared to suborn perjury or anything of that sort. And you didn't take the stand. What comes later on these other issues of acceptance of responsibility is certainly something that I [have] no control over.").

Instead, the sole statement asserting this critical fact is in the memorandum of law written by counsel and filed in support of the Section 2255 motion. It states, without any citation to the record or reference to the terms of any purported plea agreement, "If [appellant] had been made aware of all relevant facts, he would have accepted the plea agreement offered by the prosecution." Memorandum of Law at 15, No. 9:99-cv-0689-JS (E.D.N.Y. Oct. 26, 1999). Appellant argues that this sentence is the equivalent of a statement by him because in a declaration attached to the memorandum he stated, under penalty of perjury, that he read the motion and memorandum carefully and "[he]

17

agree[s] with the facts set forth therein, and [he] adopt[s] those statements of fact as [his] own." Id.

While the appellant did state that he adopted the statement of facts of his lawyer as his own, we are not prepared to hold that a petitioner's declaration adopting a memorandum of law written by counsel renders a statement describing the petitioner's intent a factual statement by the petitioner for purposes of satisfying Strickland. See, e.g., Aeid, 296 F.3d at 64 (failure to assert such intent was "critical omission"); Gordon, 156 F.3d at 380. See also Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam) ("[a]n attorney's unsworn statements in a brief are not evidence"). There was no good reason to put such a statement in the memorandum of law while omitting it from petitioner's affidavit. In writing the memorandum, counsel could not have had personal knowledge of the factual truth of the statement. Adopting wholesale the twenty-eight page brief written by counsel here, which was devoted almost exclusively to legal argument on multiple claims marshalled in kitchen-sink style, is fundamentally different from swearing to particular statements made in one's own name. Indeed, the adoption by a party of a brief in toto would be a poor basis for a perjury prosecution. A lay person is not generally aware of the distinction between fact and law and is unlikely to challenge favorable statements that his or her lawyer

18

has written.  To a lay person, a brief is lawyer-talk.  Moreover, a client is not likely to expect his or her lawyer to write something that might expose the client to prosecution for perjury.

We believe that a statement regarding intent must be directly attributable to the habeas petitioner, whether it be through sworn testimony in the main proceeding or by a sworn affidavit in support of the motion.  See Dalli, 491 F.2d at 760; Accardi, 379 F.2d at 313; cf. Herzog v. United States, 38 Fed. App'x 672 (2d Cir. 2002) (summary order)(upholding district court's denial of an evidentiary hearing on § 2255 motion in part because defendant failed to state in his supporting affidavit that he would have accepted the government's plea offer had he been adequately advised); United States v. Perez Gomez, No. 3:98CR109 (JBA), 2003 WL 22119123, at *5-*6 (D. Conn. Aug. 29, 2003) (denying defendant's § 2255 motion without a hearing because he made no assertion that he would have accepted the government's plea offer had he known about it despite the opportunity to make such assertion in numerous affidavits and pro se filings).  Given the assistance of counsel and ample opportunity to remedy this obvious evidentiary gap, the absence of such a statement is particularly telling in the present matter.

Second, even assuming arguendo that counsel's statement

equates to a statement by the appellant as to his intent to accept the government's plea offer, the appellant has failed to proffer any objective evidence that he would have accepted the plea offer had he received adequate pre-trial counseling. We are mindful that a significant disparity between the sentencing exposure in the plea offer and the actual sentence imposed at trial would constitute objective evidence. See Pham, 317 F.3d at 182 ("[A] significant sentencing disparity in combination with defendant's statement of his intention [to accept the plea offer] is sufficient to support a prejudice finding."); id. at 183 ("We have held that where the disparity in potential sentences is great, a finder of fact may infer that defendants who profess their innocence still will consider a plea."); Gordon, 156 F.3d at 381. However, appellant in the present matter has not produced or identified evidence sufficient to show, or permit an inference of, a significant disparity between the terms of a plea offer and his ultimate sentence exposure after a trial conviction.

Although appellant's memorandum of law includes the blanket assertion that "Mr. Puglisi's position is supported by the huge disparity between the sentence imposed, and the sentence under the plea agreement," Memorandum of Law, Oct. 26, 1999, at 15, appellant's affidavit is devoid of any factual specificity regarding such an agreement, appellant's supposed understanding

20

of its terms, and whether it required cooperation.  Cf. Machibroda v. United States, 368 U.S. at 487, 489-90 (1962) (petitioner's affidavit set out detailed factual allegations, including a promised sentence of twenty years); Accardi, 379 F.2d at 313.  Neither appellant's affidavit nor the sentencing memorandum provides any such details other than the conclusory characterization of "huge disparity."  This is so even though present counsel represented the appellant, and first gave notice of this agreement, at the sentencing hearing.  Despite filing this motion over two years after the date of sentencing, no objective evidence let alone one of a sentencing disparity was proffered.  Moreover, the district court's numerous statements concerning the severity of the conduct at issue undermine any assertion by the appellant that he would have received the benefit of a lenient plea agreement.  See Trans. at 94:5-15 ("This sentence is justified based on what you did, what others did for you.  It shows the drug business.  If you were presented with violence, if you were truly fearful you had every opportunity to walk away.  This is not simply a case of just being a marijuana dealer.  You were armed.  You knew the consequences.  And I simply can't do anything less than give you a just sentence, one that really reflects the seriousness of what you have done no matter how you view it.").

Third, the record evidence undermines the appellant's

21

assertion that trial counsel's advice was a critical consideration in his rejection of a plea offer. In fact, appellant made it clear in his sentencing colloquy that he had not cooperated with the government because such cooperation would have endangered members of his family and forced relatives to give up established businesses upon moving away. See Trans. at 76:18-23 ("I am sorry to put the courts through all that they've been through because I know these have been lengthy things, tremendous amounts of money spent here. And I never wanted to go to trial. Believe me. The last thing I wanted was to go to trial. The circumstances dragged me to trial."); id. at 77:13-16 ("I could have ruined [my relatives'] lives, destroy [sic] their livelihood. They would have to move. You know, there's people involved in the case that were killing witnesses."). Appellant made these statements even after present counsel had asserted the argument that appellant was misinformed about the scope of conduct the district court could consider for purposes of sentencing. Given appellant's own statements at sentencing, we are unwilling to accept the conclusory statements he now makes in support of his contention that he suffered actual prejudice in satisfaction of Strickland.

On the present record, a hearing based on the proffers of proof set forth in appellant's supporting papers would be fruitless because the appellant has neither stated that he would

22

have accepted a plea if properly advised by trial counsel nor proffered objective evidence in support of such a statement. Therefore, appellant has failed to establish that "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different," Strickland, 466 U.S. at 694, and thus, has failed to state a "plausible" claim for relief under 28 U.S.C. § 2255.

CONCLUSION

For the reasons discussed above, we affirm.

23