14-1271
*United States of America v. Kristina Thomas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
                    BARRINGTON D. PARKER,
                    RICHARD C. WESLEY,
                            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

        -v.-                                              No. 14-1271

KRISTINA THOMAS,

                    *Defendant-Appellant.*

_____

For Appellee:                        JOSEPH J. KARASZEWSKI, Assistant
                                            United States Attorney, *for* William J.

Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant: CHERYL MEYERS-BUTH, Murphy Meyers LLP, Orchard Park, NY.

Appeal from the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Kristina Thomas ("Thomas") was charged, in a two-count indictment, with bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and aggravated identify theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. On August 29, 2012, Thomas was convicted after a jury trial of both counts of the indictment. Following her conviction, but before her sentencing, Thomas sent a number of letters to the court complaining that her trial counsel had been ineffective. The district court relieved trial counsel from the case and appointed Thomas's current counsel.

On August 2, 2013, Thomas filed a motion pursuant to Federal Rule of Criminal Procedure 33 requesting that the district court vacate her conviction and grant her a new trial. She claimed that her trial counsel was ineffective by 1) failing to explain that a sentence of 24 months' imprisonment was statutorily

mandated upon conviction of aggravated identity theft in addition to any other sentence and that acceptance of the plea offer would have avoided that mandatory sentence; 2) failing to sufficiently investigate the charges and interview potential witnesses; 3) engaging another attorney to help him at trial; and 4) failing to object to, and actively pursuing, testimony concerning Thomas's sexual orientation. The district court denied the motion on February 24, 2014. Thomas was later sentenced principally to a term of 32 months' imprisonment and three years of supervised release, and she timely appealed. Because the district court ordered Thomas remanded pending sentencing due to allegations of witness tampering, she completed her term of incarceration while this appeal was pending and was released on December 19, 2014. *See* Federal Bureau of Prisons Inmate Locator, *available at* http://www.bop.gov/inmateloc/. On appeal, Thomas argues that the district court should have conducted an evidentiary hearing in connection with her claim that her lawyer was ineffective with regard to the plea offer and that the district court erred in denying her Rule 33 motion to vacate the conviction.

A defendant's claim for ineffective assistance of counsel is evaluated pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective

assistance, a defendant must (1) show that counsel's representation "fell below an objective standard of reasonableness," and (2) "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 693–94. The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Harrington v. Richter*, 562 U.S. 86, 105 (2011), since "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Strickland*, 466 U.S. at 690.

We first review Thomas's claim that the district court erred in not providing an evidentiary hearing in connection with her claim that her lawyer was ineffective with regard to advising her about the plea offer. This Court has held that in cases where the judge who tried the case holds a "limited hearing," which includes a review of letters, documentary evidence, and affidavits, "the determination of whether the hearing was sufficient is reviewed for an abuse of discretion." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009) (citing *Chang v. United States*, 250 F.3d 79, 82, 85–86 (2d Cir. 2001)). A hearing on a Rule 33 motion is not always required, but we have noted that one is sometimes

4

necessary to provide a sufficient record for us to review the ineffective assistance claim on the merits. *See United States v. Brown*, 623 F.3d 104, 114–15 (2d Cir. 2010). Here, the limited hearing, held by the district court on the basis of affidavits and unsworn factual declarations, was plainly sufficient. Because Thomas failed to provide any sworn statement of her own, a full evidentiary hearing "would be fruitless," *Puglisi*, 586 F.3d at 218.

With regard to the performance prong of the *Strickland* analysis, Thomas did not present any evidence that her trial counsel failed to explain to her the government's plea offer. Her trial counsel's affidavit stated that he "discussed the terms of the government's proposed plea" with Thomas, "including specifically that the government's plea proposal . . . would enable [Thomas] to avoid the mandatory 24 month consecutive sentence" on Count 2 of the indictment. J.A. 805–06. The affidavit of Thomas's mother and the unsworn declarations from family members in support of the Rule 33 motion indicated that *they* were not present for any discussions regarding the government's plea offer, but did not establish that *Thomas* did not participate in any such discussions with her trial counsel. And no affidavit or declaration by Thomas was submitted.

Nor did Thomas meet her burden under the prejudice prong, which requires that she demonstrate her intent to take the plea offer, *see Puglisi*, 586 F.3d at 218. The statements made by Thomas's counsel in the Rule 33 motion and the affidavit of her mother submitted in support thereof are insufficient to constitute statements of intent for purposes of satisfying *Strickland*. *See id*. at 217 ("a statement regarding intent must be directly attributable to the [defendant], whether it be through sworn testimony in the main proceeding or by a sworn affidavit in support of the motion"). Thomas herself failed to respond to her trial counsel's affidavit stating that from the outset Thomas "adamantly indicated to [him] that she was not interested in any plea bargain and wanted to take the case to trial" and that when he "discussed the terms of the government's proposed plea, . . . she rejected it." J.A. 805. Furthermore, the record evidence shows that Thomas had an opportunity to review the government's offer, was well aware of its terms, and insisted on going to trial nevertheless. There was also evidence in the record that, while represented by another lawyer, Thomas rejected a pre-indictment offer of a misdemeanor plea, which is consistent with the district court's conclusion that Thomas was not interested in accepting an offer and wanted to proceed to trial.

Accordingly, with regard to Thomas's claim that counsel was ineffective for failing to explain the mandatory statutory sentence and that acceptance of the plea offer would have avoided that mandatory sentence, we conclude that the district court did not err by failing to hold an oral evidentiary hearing or by denying the motion on the merits because Thomas failed to meet her burden under either prong of the *Strickland* analysis.

This Court reviews a district court's denial of a Rule 33 motion for abuse of discretion and the factual findings in support of that decision for clear error. *See United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). We review the ultimate question of whether Thomas's trial counsel rendered ineffective assistance de novo. *See Strickland*, 466 U.S. at 698; *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011). As to Thomas's other ineffective assistance claims, we conclude that the district court did not err in its application of *Strickland*.

With regard to trial preparation and communication with Thomas pre-trial, the district court found that counsel had contact with Thomas leading up to trial and reviewed the government's evidence and discovery with her. We conclude that his level of preparation was within the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689; *see also United States v.*

*Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010). While Thomas identifies numerous ways in which she believes trial counsel could have been better prepared, "every effort [must] be made to eliminate the distorting effects of hindsight," *Strickland*, 466 U.S. at 689. With regard to trial counsel's performance at trial, we agree with the district court that many of the alleged "deficiencies" constitute strategic decisions, presumably made "in the exercise of reasonable professional judgment," *id*. at 690. Nor do we believe that trial counsel was deficient for allowing an experienced criminal defense lawyer to assist him, and Thomas does not point us to any authority for such a claim. Finally, with regard to Thomas's claim that reference to her sexual orientation was improper, we agree with the district court that pursuing testimony about Thomas's personal relationships with some of the witnesses was a reasonable strategy to attempt to discredit the witnesses on the basis of bias, prejudice, or motive to lie.

Furthermore, even if trial counsel's performance were deficient for any of the above reasons, Thomas fails to satisfy the prejudice prong of the *Strickland* analysis. Given the overwhelming evidence of Thomas's guilt presented by the government, including the detailed testimony of three co-participants in the crimes which was evidently found credible by the jury, whose credibility

determinations and assessment of the evidence the court was not entitled to overrule in the absence of exceptional circumstances, which were not present here, *see, e.g.*, *United States v. Ferguson*, 246 F.3d 129, 133–34 (2d Cir. 2001), Thomas cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694. Thus, because trial counsel did not provide constitutionally ineffective assistance, we conclude that the district court did not abuse its discretion in denying Thomas's Rule 33 motion.

We have considered all of Thomas's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk