Reese v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

CHRISTOPHER E. REESE,

                      *Petitioner-Appellant*,

              v.                                          16-516

UNITED STATES OF AMERICA,

                      *Respondent-Appellee*.

_____

Appearing for Appellant:     Robert A. Culp, Garrison, NY.

Appearing for Appellee:      Micah W.J. Smith, Assistant United States Attorney (Margaret Garnett, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Christopher E. Reese appeals from the January 29, 2016 order of the United States District Court for the Southern District of New York (Marrero, *J.*) denying his petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To establish a case of ineffective assistance of counsel in accordance with *Strickland v. Washington*, 466 U.S. 668 (1984), "the petitioner must establish that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different." *Flores v. Demskie*, 215 F.3d 293, 300 (2d Cir. 2000) (internal quotation marks and citations omitted). With respect to the prejudice prong, "a defendant suffers prejudice if there is a reasonable probability that his reliance on counsel's ineffective assistance affected the outcome of the proceedings." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2010). A defendant's statements that he would have accepted a plea offer "in combination with" "some objective evidence," such as "a significant sentencing disparity," is sufficient to support a prejudice finding. *Id.*

Here, the district court did not address *Strickland*'s performance prong. Instead, the district court addressed only the prejudice prong, and determined that:

> the trial record contains more than ample evidence to support a verdict of guilty beyond a reasonable doubt. As the Second Circuit stated in their decision affirming this Court's judgment of conviction and sentence, there was "sufficient evidence adduced at trial to support Reese's conviction for conspiracy to commit wire fraud." The overwhelming evidence at trial included not only that which was put forward by the Government but also Reese's own testimony that he was engaged in a conspiracy to commit wire fraud.

App'x at 139-40 (internal citation omitted). Reese moved for reconsideration, arguing that the district court had overlooked his argument regarding the plea offers. The district court denied reconsideration, finding that Reese had not demonstrated that there was a reasonable probability that he would have pled guilty if counsel had better explained the plea offer.

The district court correctly observed that Reese needed to present some objective evidence other than his own self-serving testimony to establish prejudice. *Pham*, 317 F.3d at 183. However, we have found error where, as here, a district court summarily determines the absence of prejudice without considering a significant sentencing disparity between a plea offer and a sentence after conviction. *Pham*, 317 F.3d at 183; *Puglisi v. United States*, 586 F.3d 209, 217 (2d Cir. 2009) ("[A] significant disparity between the sentencing exposure in the plea offer and the actual sentence imposed at trial would constitute objective evidence."). Here, Reese was

sentenced to 108 months in prison, but the Government offered him a stipulated Guidelines range of 57-to-71 months. Even assuming a sentence at the top end of the range, that is a difference of more than three years. Further, there was some additional objective evidence that Reese would have accepted the offer: in his trial testimony he accepted some responsibility for participating in the crimes, although he downplayed his involvement. *See Pham*, 317 F.3d at 183 (stating that a petitioner's admission that he participated in the conspiracy, but downplaying his involvement, did not negate his habeas claim that he would have pled guilty).

Reese seeks a remand for resentencing, which we think premature. Reese makes several as-yet unchallenged claims regarding his counsel's presentation of the offer: namely, that counsel failed to accurately present the terms of the offer, greatly underestimated Reese's sentencing exposure, and did not offer advice as to whether Reese should accept the offer. These claims are not inconsistent with the record as it now stands and are therefore not insufficient on their face. We thus remand for the district court to develop a more robust record, and to reconsider its decision. *See id.* at 184-85. In particular, the district court reached its decision here without seeking an affidavit from trial counsel, and thus lacked sufficient information to determine whether Reese's representations are credible. The district court need not hold an evidentiary hearing, although it may if it so chooses. *See id.*

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3