*Jackson v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          No. 23-6281

MICHAEL JACKSON, a.k.a. Boosum, a.k.a. Boots,

*Defendant-Appellant.*[*]

_____

| | |
|---|---|
| **For Defendant-Appellant:** | PETER J. TOMAO, Garden City, NY. |
| **For Appellee:** | MONICA J. RICHARDS, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant Michael Jackson appeals from a judgment of the district court denying his motion to vacate his conviction under 28 U.S.C. § 2255. On appeal, Jackson argues that the district court violated his constitutional right to due process when it denied him a hearing on his *pro se* section 2255 claims for ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At the outset, we note that we lack jurisdiction to hear an appeal from a district court's final order denying relief under section 2255 "unless a circuit justice

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(B).

Notably, Jackson never obtained a COA prior to filing his notice of appeal. In fact, the district court denied his request for a COA, and neither Jackson nor his counsel ever renewed that request with this Court. Nevertheless, we may construe an appellant's notice of appeal along with his corresponding briefs as a request for a COA, *see* Fed. R. App. P. 22(b)(2); *see also United States v. Ferranti*, No. 22-1055, 2023 WL 3221044, at *1 (2d Cir. May 3, 2023), and we may issue a COA notwithstanding the fact that the applicant never submitted a request for one if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Here, Jackson principally argues that the district court deprived him of due process when it denied his request for a hearing and instead simply credited the signed affidavit of his trial counsel, Jeffrey Wicks. According to Jackson, if a hearing had been held, he would have "had the opportunity to fully develop the record" as it related to his ineffective assistance claims. Jackson Br. at 15.[1] After

---

[1] Although Jackson also argues that he was deprived of his right to the effective assistance of counsel under the Sixth Amendment, the only remedy he seeks on appeal is a hearing. In essence, Jackson seems to acknowledge – and we agree – that his ineffective assistance of counsel claim clearly fails if we conclude that the district court was justified in forgoing a hearing and relying on the affidavits submitted in connection with the section 2255 petition.

reviewing Jackson's notice of appeal and briefs, we are not persuaded that Jackson has made a substantial showing that he was denied a constitutional right, and we therefore deny his request for a COA.

Although Jackson contends that he was deprived of his Fifth Amendment right to due process when the district court denied his request for an evidentiary hearing, neither we nor the Supreme Court has ever found that a section 2255 petitioner has an absolute constitutional right to a hearing on an ineffective assistance of counsel claim. Jackson does not even attempt to identify a case for that constitutional proposition. Instead, he relies exclusively on the language of 18 U.S.C. § 2255(b). But section 2255 does not create an absolute right to such a hearing, and we have long recognized that a district court may dispense with an evidentiary hearing in situations like this one. *See, e.g., Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir. 2001) (holding that the district court was not required to hold a full testimonial hearing before deciding a section 2255 motion).

Section 2255 provides that a district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Supreme Court has made clear that a movant is not "always" entitled "to appear in a district court for

a full hearing" pursuant to section 2255, *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and we ourselves have routinely permitted district courts "to choose a middle road that avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing," *Chang*, 250 F.3d at 86. On this record, we see no error in the middle-road approach that the district court took here.

Before ruling on Jackson's motion, the district court directed the government to "obtain an affidavit from [Jackson's] trial counsel responding to [Jackson's] allegations of ineffective assistance of counsel." App'x at 21. The government did so, submitting a detailed sworn affidavit from Wicks that refuted Jackson's claims. In particular, Wicks affirmed that he understood the elements of the government's racketeering charges and that Jackson rejected the government's plea offer because he considered the condition that he admit to his involvement in the murder of Carmella Rogers to be a "non-starter." App'x at 197. Jackson then submitted a twenty-page reply but did not challenge Wicks's factual assertions. In fact, Jackson swore to only a single fact in his entire reply:

that he did not have access to a copier. Only then did the district court deny Jackson's request for a full testimonial hearing.

The district court credited Wicks's representation in his affidavit that he was "well aware of the elements" of a racketeering conspiracy offense when he advised Jackson on the strength of the government's case and the prospects of going to trial. *Id.* at 239–40. The district court then concluded that counsel's defense theory was reasonable under the circumstances, as it "attack[ed] the very notion of an *agreement* to form an enterprise, as well [as] the structural features identified by the Supreme Court." *Id.* at 240 (emphasis in original). With respect to Jackson's bald assertion that he would have accepted the government's plea offer, the district court rejected Jackson's claims as conclusory and contradicted by Wicks's affidavit. *Id.* at 238, 246.

On appeal, Jackson asserts that Wicks's affidavit is internally inconsistent, specifically claiming that if Jackson truly had considered the government's plea condition to be a non-starter, as Wicks maintains, then Jackson would not have continued to "express[] a willingness to go through with the proffer session and talk to the government towards the goal of negotiating a plea." Reply Br. at 15–16 (quoting App'x at 197–98). But Jackson never denied that he considered the

admission-to-murder requirement to be an unacceptable plea condition, and absent such a denial – or some evidence to suggest that the government would have come off that demand – there was no reason for the district court to conduct a hearing. Besides, despite Jackson's original willingness to attend the session, he actually "changed his mind and refused to attend" and, thereafter, "refused to discuss any plea." App'x at 198. Jackson disputes none of this in his reply to Wicks's affidavit or in his appellate brief.

Ultimately, we cannot say that Jackson made a substantial showing that he was deprived of due process when the district court resolved his claim on the papers instead of holding a full evidentiary hearing. *See, e.g.*, *Gonzalez v. United States*, 722 F.3d 118, 134 (2d Cir. 2013) (upholding a district court's decision not to order an evidentiary hearing); *Chang*, 250 F.3d at 86 (same). This is especially true in a case like this one, in which the district judge was also the trial judge and therefore had multiple opportunities to observe Jackson and Wicks over the course of the entire case, including at pretrial conferences, during trial, and at sentencing. *See Chang*, 250 F.3d at 86. Indeed, we have made clear that a district court has the discretion to determine whether more than just affidavits are needed when the district judge also served as the trial judge because he is "intimately familiar with

the trial proceedings and the events and circumstances surrounding" the statements in trial counsel's sworn affidavit. *Id.*; *see also Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) ("[W]hen the judge that tried the underlying proceedings also presides over the [s]ection 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner.").

We thus find that Jackson has failed to make the requisite substantial showing that he was deprived of a constitutional right. Accordingly, we deny Jackson's request for a certificate of appealability, and therefore lack jurisdiction to hear his appeal.

\* \* \*

We have considered Jackson's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8