Davis v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> > *Circuit Judge*,
> RICHARD M. BERMAN,[*]
> > *District Judge.*

---

TROY DAVIS,

> *Petitioner-Appellant*,
>
> v.                                                          No. 13-455

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

---

| | |
|---|---|
| For Petitioner-Appellant**:** | Troy Davis, *pro se*, Folkston, GA. |
| For Respondent-Appellee**:** | Michael A. Levy, Rebecca G. Mermelstein, and Diane Gujarati, Assistant United States Attorneys, |

---

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

*for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Eginton, *J.*, of the District of Connecticut, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Appellant Troy Davis, proceeding *pro se*, appeals the district court's January 4, 2013 order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted Davis a certificate of appealability. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In reviewing a district court's denial of relief under § 2255, we review findings of fact for clear error and conclusions of law *de novo*. *See Scanio v. United States*, 37 F.3d 858, 859 (2d Cir. 1994). We review a district court's denial of an evidentiary hearing under 28 U.S.C. § 2255(b) for abuse of discretion *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001); *see also Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009) ("[W]here the judge who tried the case holds a limited hearing to decide a generic claim, the determination of whether the hearing was sufficient is reviewed for abuse of discretion.").

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In *Roe v. Flores-Ortega*, the Supreme Court rejected a *per se* rule that counsel must, in all cases, either file a notice of appeal or discuss with his client the possibility of an appeal and ascertain his wishes.

2

528 U.S. 470, 478 (2000). Rather, the Court held that the first question should be whether counsel consulted with the defendant about an appeal, that is, whether he advised the defendant about the advantages and disadvantages of an appeal and made a reasonable effort to discover the defendant's wishes. *Id.* Where, as is undisputed here, counsel did consult with the defendant, counsel will be found to have performed unreasonably only in failing to follow the defendant's express instructions to file an appeal. *Id.*

When a defendant claims that his attorney failed to file a requested notice of appeal, he is entitled to "a hearing before the district court pursuant to § 2255 to determine whether [he] requested the appeal." *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006). A district court need not necessarily conduct a "full-blown testimonial hearing," as it is "within the district court's discretion to choose a middle road" that adequately expands the record without "the needless expenditure of judicial resources." *Chang*, 250 F.3d at 86 (holding that even if the affidavits of petitioner and defense counsel are contradictory, a district court need not conduct a hearing where live testimony would not alter its view of the facts); *see also Puglisi*, 586 F.3d at 215 (noting that the trial judge is in the best position to determine the scope of the hearing because that judge is "intimately familiar" with the underlying criminal proceedings).

After an independent review of the record and relevant case law, we conclude that the district court acted within its discretion in declining to hold a full hearing on Davis's § 2255 motion. In light of the detailed affidavit of defense counsel and the corroborating letter, there was a sufficient evidentiary record to permit the district court to reject Davis's claim that he timely instructed defense counsel to file a notice of appeal. *See Puglisi,* 586 F.3d at 215; *Chang*, 250 F.3d at 85–86. We see no basis to disturb the district court's conclusion that live testimony would not have altered its view of the facts.

3

We have considered all of Davis's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk